**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| NICOLE MCFARLAND<br>34759 Bainbridge Road<br>North Ridgeville, Ohio 44039, | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |
| SPRINGFIELD CITY SCHOOL DISTRICT<br>BOARD OF EDUCATION<br>1500 West Jefferson Street<br>Springfield, Ohio 45506, | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED<br>HEREIN** |
| and, | )<br>) | |
| ROBERT HILL<br>c/o Springfield City School District Board of<br>Education<br>1500 West Jefferson Street<br>Springfield, Ohio 45506, | )<br>)<br>)<br>)<br>)<br>) | |
| and, | )<br>) | |
| MICHELLE JONES<br>c/o Springfield City School District Board of<br>Education<br>1500 West Jefferson Street<br>Springfield, Ohio 45506, | )<br>)<br>)<br>)<br>)<br>) | |
| and, | )<br>) | |
| CHRIS BOWEN<br>c/o Springfield City School District Board of<br>Education<br>1500 West Jefferson Street<br>Springfield, Ohio 45506, | )<br>)<br>)<br>)<br>)<br>) | |
| and, | )<br>)<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| JANETTE MORRISON<br>c/o Springfield City School District Board of Education<br>1500 West Jefferson Street<br>Springfield, Ohio 45506,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Nicole McFarland, by and through undersigned counsel, as her Complaint against Defendants Springfield City School District Board of Education ("Springfield"), Robert Hill, Michelle Jones, Chris Bowen, and Janette Morrison, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. McFarland is a resident of the City of North Ridgeville, Clark County, Ohio.

2. At all times herein, McFarland was acting in the course and scope of her employment.

3. Springfield is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. All material events alleged in this Complaint occurred at Simon Kenton Elementary School located at 731 East Home Road, Springfield, Ohio 45503 and Roosevelt Middle School located at 721 East Home Road, Springfield, Ohio 45503.

5. All material events alleged in this Complaint occurred in Clark County, Ohio.

6. Robert Hill is a resident of the State of Ohio.

7. At all times herein, Hill was acting in the course and scope of his employment.

8. Hill, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Springfield and who acted directly or indirectly in the interest of Springfield in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

9. Michelle Jones is a resident of the State of Ohio.

10. At all times herein, Jones was acting in the course and scope of her employment.

11. Jones, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Springfield and who acted directly or indirectly in the interest of Springfield in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

12. Chris Bowen is a resident of the State of Ohio.

13. At all times herein, Bowen was acting in the course and scope of his employment.

14. Bowen, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Springfield and who acted directly or indirectly in the interest of Springfield in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

15. Morrison is a resident of the State of Ohio.

16. At all times herein, Morrison was acting in the course and scope of her employment.

17. Morrison, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Springfield and who acted directly or indirectly in the interest of Springfield in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 *et seq.*

18. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McFarland is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

19. This Court has supplemental jurisdiction over McFarland's state law claims pursuant to 28 U.S.C. § 1367 as McFarland's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

21. Within 300 days of the conduct alleged below, McFarland filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-01694 against Springfield, Hill, Jones, Bowen, and Morrison ("McFarland EEOC Charge").

22. On or about February 2, 2023, the EEOC issued a Notice of Right to Sue letter to McFarland regarding the Charges of Discrimination brought by McFarland in the McFarland EEOC Charge.

23. McFarland received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

24. McFarland has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

25. McFarland has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

26. McFarland is a former employee of Springfield.

27. McFarland began working for Springfield in or around September 2021.

28. McFarland worked for Springfield as an Assistant Custodian.

29. McFarland has asthma ("Asthma").

30. Due to her Asthma, McFarland often experiences shortness of breath, coughing fits, chest tightness, wheezing, difficulty sleeping, and a higher likelihood for developing more severe lung infections and breathing problems.

31. Due to her Ashma, McFarland is at a heightened risk for COVID-19.

32. Due to her Asthma, McFarland is at a heightened risk for developing severe and/or life-threatening symptoms as a result of being afflicted with COVID-19.

4

33. As a result of suffering from Asthma, McFarland is and was considered disabled within the meaning of the ADA, 42 U.S.C. 126 § 12101 *et seq.*

34. As a result of suffering from Asthma, McFarland is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

35. In the alternative, Defendants perceived McFarland as being disabled.

36. In the alternative, Defendants perceived that McFarland's Asthma constituted a physical impairment.

37. In the alternative, Defendants perceived that McFarland's Asthma substantially impaired one or more of her major life activities, including working.

38. Despite this actual or perceived disabling condition, McFarland was still able to perform the essential functions of her job.

39. In or around October 2021, McFarland contracted COVID-19 ("First Diagnosis").

40. Following her First Diagnosis, McFarland had a fever of 102.5 degrees Fahrenheit, had shortness of breath, had fluid buildup in her lungs, and she lost her sense of taste and smell.

41. Due to her First Diagnosis, McFarland requested sick leave from Springfield.

42. Due to her First Diagnosis, McFarland provided Defendants documentation from her doctor.

43. Following McFarland's First Diagnosis, Springfield was aware of McFarland's Asthma.

44. Defendants did not offer McFarland FMLA benefits or protected leave for her First Diagnosis.

45. Defendants failed to properly advise McFarland of her rights under the FMLA for her First Diagnosis.

46. Defendants interfered with McFarland's FMLA rights by failing to properly advise McFarland of her rights under the FMLA for her First Diagnosis.

47. On or about January 17, 2022, McFarland became sick with a fever, shortness of breath, fluid buildup in her lungs, and difficulty breathing ("Second Diagnosis").

48. On or about January 17, 2022, McFarland emailed Springfield's Human Resources department about her Second Diagnosis.

49. Springfield's Human Resources department told McFarland to stay home due to her Second Diagnosis.

50. At her doctor's advice, McFarland was bedridden for a week because of the combined effects of her Second Diagnosis and her Asthma.

51. Defendants did not offer McFarland FMLA benefits or protected leave for her Second Diagnosis.

52. Defendants failed to properly advise McFarland of her rights under the FMLA for her Second Diagnosis.

53. Defendants interfered with McFarland's FMLA rights by failing to properly advise McFarland of her rights under the FMLA for her Second Diagnosis.

54. McFarland returned to work on January 24, 2022.

55. On or about January 24, 2022, McFarland provided Springfield with a doctor's note.

56. On or about January 24, 2022, Janette Morrison, the head custodian, said to McFarland, "Look what the cat dragged in," and scolded her for missing work ("Discriminatory Comments").

57. Following the Discriminatory Comments, McFarland explained that she had been sick with severe symptoms of COVID-19 and Asthma.

58. Following McFarland's Second Diagnosis, Springfield was aware of McFarland's Asthma.

59. On or about January 27, 2022, Springfield notified McFarland that she would be required to attend a disciplinary hearing for alleged "attendance and job performance" issues.

60. At the disciplinary hearing on or about January 27, 2022, McFarland reported that she was being discriminated against based on her Asthma.

61. At the disciplinary hearing on or about January 27, 2022, McFarland reported that she was being discriminated against based on her First Diagnosis.

62. At the disciplinary hearing on or about January 27, 2022, McFarland reported that she was being discriminated against based on her Second Diagnosis.

63. Averments 48, 49, and 50 combined are McFarland's, "Report of Disability Discrimination".

64. On or about February 4, 2022, following McFarland's Report of Disability Discrimination, Springfield, Morrison, Michele Jones, Robert Hill, and Chris Bowen terminated McFarland's employment ("Termination").

65. Defendants terminated McFarland due to her Asthma.

66. Defendants terminated McFarland due to her First Diagnosis.

67. Springfield, Morrison, Jones, Hill, and/or Bowen terminated McFarland due to her Second Diagnosis.

68. Defendants terminated McFarland due to her disabilities.

69. Defendants terminated McFarland due to her perceived disabilities.

70. Defendants terminated McFarland in retaliation for her Report of Disability Discrimination.

71. Defendants' purported reason for McFarland's Termination is pretext for disability discrimination.

72. Defendants' purported reason for McFarland's Termination is pretext for perceived disability discrimination.

73. Defendants did not proffer a legitimate non-discriminatory reason for terminating McFarland.

74. Upon information and belief, Defendants permitted similarly situated, non-disabled employees to retain their employment despite having work performance and/or attendance that was similar to or worse than McFarland's.

75. Upon information and belief, subsequent to McFarland's termination, Defendants hired a non-disabled person to replace McFarland.

76. Defendants have a progressive disciplinary policy ("Discipline Policy").

77. A verbal warning is the lowest level of discipline in the Discipline Policy.

78. McFarland did not receive a verbal warning before the Termination.

79. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

80. McFarland did not receive a written warning before the Termination.

81. A termination is the highest level of discipline in the Discipline Policy.

82. Defendants knowingly skipped progressive disciplinary steps in terminating McFarland.

83. Defendants knowingly terminated McFarland's employment.

84. Defendants knowingly took an adverse employment action against McFarland.

85. Defendants knowingly took an adverse action against McFarland.

86. Defendants intentionally skipped progressive disciplinary steps in terminating McFarland.

87. Defendants intentionally terminated McFarland's employment.

88. Defendants intentionally took an adverse employment action against McFarland.

89. Defendants intentionally took an adverse action against McFarland.

90. Defendants knew that skipping progressive disciplinary steps in terminating McFarland would cause McFarland harm, including economic harm.

91. Defendants knew that terminating McFarland would cause McFarland harm, including economic harm.

92. Defendants willfully skipped progressive disciplinary steps in terminating McFarland.

93. Defendants willfully terminated McFarland's employment.

94. Defendants willfully took an adverse employment action against McFarland.

95. Defendants willfully took an adverse action against McFarland.

96. Defendants knowingly terminated McFarland on or about February 4, 2022.

97. Defendants intentionally terminated McFarland on or about February 4, 2022.

98. Defendants willfully terminated McFarland on or about February 4, 2022.

As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLTION OF THE ADA

99. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Defendants treated McFarland differently than other similarly-situated employees based on her disabling condition.

101. Defendants treated McFarland differently than other similarly-situated employees based on her perceived disabling condition.

102. On or about February 4, 2022, Defendants terminated McFarland's employment without just cause.

103. Defendants terminated McFarland's employment based on her disability.

104. Defendants terminated McFarland's employment based on her perceived disability.

105. Defendants violated the ADA when it discharged McFarland based on her disability.

106. Defendants violated the ADA when it discharged McFarland based on her perceived disability.

107. Defendants violated the ADA by discriminating against McFarland based on her disabling condition.

108. Defendants violated the ADA by discriminating against McFarland based on her perceived disabling condition.

109. As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLTION OF
## R.C. § 4112.01 *et seq.*

110. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

111. Defendants treated McFarland differently than other similarly-situated employees based on her disabling condition.

112. Defendants treated McFarland differently than other similarly-situated employees based on her perceived disabling condition.

113. On or about February 4, 2022, Defendants terminated McFarland's employment without just cause.

114. Defendants terminated McFarland's employment based on her disability.

115. Defendants terminated McFarland's employment based on her perceived disability.

116. Defendants violated R.C. § 4112.02 when it discharged McFarland based on her disability.

117. Defendants violated R.C. § 4112.02 when it discharged McFarland based on her perceived disability.

118. Defendants violated R.C. § 4112.02 by discriminating against McFarland based on her disabling condition.

119. Defendants violated R.C. § 4112.02 by discriminating against McFarland based on her perceived disabling condition.

120. As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

### COUNT III:  RETALIATION IN VIOLATION OF THE ADA

121. McFarland restates each and every prior paragraph of this complaint, as if it were fully restated herein.

122. As a result of Defendants' discriminatory conduct described above, McFarland complained about the disability discrimination she was experiencing.

123. Subsequent to McFarland's reporting of disability discrimination to the Defendants, McFarland's employment was terminated.

124. Defendants' actions were retaliatory in nature based on McFarland's opposition to the unlawful discriminatory conduct.

125. Pursuant to the ADA, it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

126. As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

### COUNT IV:  RETALIATION IN VIOLATION OF R.C. § 4112.01 *et esq*.

127. McFarland restates each and every prior paragraph of this complaint, as if it were fully restated herein.

128. As a result of Defendants' discriminatory conduct described above, McFarland complained about the disability discrimination she was experiencing.

129. Subsequent to McFarland's reporting of disability discrimination to the Defendants, McFarland's employment was terminated.

130. Defendants' actions were retaliatory in nature based on McFarland's opposition to the unlawful discriminatory conduct.

131. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

132. As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

133. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

134. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

135. Springfield is a covered employer under FMLA.

136. During her employment, McFarland qualified for FMLA leave.

137. Defendants failed to properly advise McFarland of her rights under FMLA.

138. Defendants unlawfully interfered with McFarland's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

139. Defendants violated section 825.300(c)(1) of FMLA and interfered with McFarland's FMLA rights when Defendants did not notify McFarland of her eligibility to take FMLA leave.

140. As a direct and proximate result of Defendants' conduct, McFarland is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

141. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

143. Hill, Jones, Bowen, and/or Morrison aided, abetted, incited, coerced, and/or compelled Springfield's discriminatory termination of McFarland.

144. Hill, Jones, Bowen, and/or Morrison aided, abetted, incited, coerced, and/or compelled Springfield's discriminatory suspension of McFarland's employment.

145. Hill, Jones, Bowen, and/or Morrison aided, abetted, incited, coerced, and/or compelled Springfield's discriminatory treatment of McFarland.

146. Hill, Jones, Bowen, and/or Morrison violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

147. As a direct and proximate result of Hill's, Jones', Bowen's, and/or Morrison's conduct, McFarland has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Nicole McFarland respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Springfield to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate McFarland for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for McFarland claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax:     (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
            greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Nicole McFarland*

## JURY DEMAND

Plaintiff Nicole McFarland demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)

*Attorneys for Plaintiff Nicole McFarland*